1  Michael D. McGill SBN 231613
   *mcgill@policeattorney.com*
2  Carolina Veronica Cutler SBN 263301
   *veronica@policeattorney.com*
   **LACKIE, DAMMEIER & MCGILL APC**
3  367 North Second Avenue
   Upland, CA 91786
4  Tel:   (909) 985-4003
   Fax:   (909) 985-3299
5
6  Attorneys for Plaintiffs
   KYLE PENNINGTON
7

8              UNITED STATES DISTRICT COURT
           EASTERN DISTRICT OF CALIFORNIA- SACRAMENTO
9

10 | KYLE PENNINGTON, | Case No.: |
11 | Plaintiff, | |
12 | vs. | **COMPLAINT FOR DAMAGES BASED ON:** |
13 | CITY OF CLOVIS, A Public Entity; and DOES 1 THROUGH 10 INCLUSIVE; | 1. Violations of USERRA, (38 U.S.C. §4301 *et. seq.*) |
14 | Defendants. | |
15 | | **DEMAND FOR JURY TRIAL** F.R. Civ. P. Rule 38 |
16 | | C.D. Cal. Local Rule 38-1] |
17 | | **(Exempt from Filing Fee Pursuant to 38 U.S.C. § 4323(h)(1))** |
18 | | |
19
20
21
22
23
24 COMES NOW, KYLE PENNINGTON, who demands a jury trial and seeks
25 monetary compensation and injunctive relief against DEFENDANTS.
26 ///
27 ///
28

                              **COMPLAINT**

## I. PREFATORY

1.     This is an action for damages and injunctive relief for violations of the rights of peace officer, KYLE PENNINGTON.  Defendant, CITY OF CLOVIS, has willfully violated the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. §4301 *et. seq.*

## II. JURISDICTION AND VENUE

2.     Plaintiffs' action is authorized by 38 U.S.C. §4301 *et. seq.* which allows redress for the deprivation of rights against members of the armed forces.

3.     Jurisdiction is conferred on this Court by 28 U.S.C. §1343(4) which provides for the protection of civil rights of members and veterans of the armed forces.  Jurisdiction is also conferred on this Court by 38 U.S.C. 4323(b).

4.     Venue is proper in the Eastern District of California because the wrongs alleged herein occurred within the City of Clovis, which is located within the Eastern District.

## III. PARTIES

5.     Plaintiff KYLE PENNINGTON ("PENNINGTON") was at all times relevant to the allegations contained herein, a resident of Los Angeles County, State of California.

6.     Defendant, CITY OF CLOVIS ("CITY") is a duly enacted municipality organized and existing under the laws of the State of California and wholly situated in the County of Los Angeles.   The Clovis Police Department ("CPD") is an operating Department, Agency, and/or Office of CITY.

7.     PLAINTIFF , at all times relevant to the allegations contained herein, was employed by CITY as a police officer with the CPD.

**COMPLAINT**

8.    Defendants DOES 1 through 10 are unknown or unidentified at this time, but are employees of CITY.  Upon information and belief, PLAINTIFF alleges that each Doe is in some manner responsible for the wrongs alleged herein, and that each such Defendant advised, encouraged, participated in, ratified, directed, or conspired to do, the wrongful acts alleged herein.  When the true names and capacities of said Defendants become known to Plaintiff, Plaintiff will seek relief to amend this Complaint to show the true identities of each said DOE in place of their fictitious names as DOES 1 through 10.

9.    Defendants, and each of them, were the agent, employee and servant of every other Defendant and each Defendant alleged herein acted in the course and scope of said agency, service and employment at all relevant times.

## IV. FACTS COMMON TO ALL COUNTS

10.    Between 2001 and 2007, PLAINTIFF PENNINGTON was a member of the active duty Army. Upon leaving active duty, PLAINTIFF transferred to the United States Army Reserves. Plaintiff is currently in the Army Reserves.

11.    In July 2007, PLAINTIFF graduated police academy and was hired as a police officer, at Step 1, at the CITY OF CLOVIS. PLAINTIFF completed field training in January 2008, and also completed his first year of probation in July 2008.

12.    In or about July 2008, PLAINTIFF received notice that he was being activated for military service.  PLAINTIFF received active duty orders for training and deployment to Afghanistan. PLAINTIFF immediately notified CITY of this.

13.    In or about October 2008,  PLAINTIFF was deployed to the war zone in Afghanistan.

14.    PLAINTIFF returned from Afghanistan in July 2009, but remained on active duty for surgeries required as a result of the injuries he sustained while deployed. PLAINTIFF returned to work at the CITY in July, 2010.

1

2   15.   Due to time served on behalf of the military, PLAINTIFF was denied

3   accrued time and other benefits while on military leave of absence.

4   16.   Due to time served on behalf of the military, PLAINTIFF was denied

5   step pay increases while on military leave of absence.

6   17.   Due to time served on behalf of the military, PLAINTIFF was denied

7   payment into his PERS/retirement account while on military leave of absence.

8   18.   PLAINTIFF made several attempts to receive benefits that he was

9   entitled to under USERRA, unfortunately, CITY has rebuffed his repeated

10  attempts, and forced PLAINTIFF to file this action.

11  19.   PLAINTIFF hereby fully incorporates 20 CFR 1002, Uniformed

12  Services Employment and Reemployment Rights Act of 1994; Final Rules dated

13  December 19, 2005 into this Complaint. A true and correct of same, is attached

14  hereto as Exhibit A.

15

16

17              **V. FIRST CAUSE OF ACTION**

18      **VIOLATIONS OF USERRA (38 U.S.C. § 4301 *et. seq.*)**

19              **AGAINST ALL DEFENDANTS**

20  20.   PLAINTIFF repeats and re-alleges each and every allegation set forth

21  above, and incorporates the same by reference as though set forth fully herein.

22  21.   38 U.S.C.A. §4301 sets forth USERRA'S express intent in that "[t]he

23  purpose of this chapter is (1) to encourage noncareer service in the uniformed

24  services by eliminating or minimizing the disadvantages to civilian careers and

25  employment which can result from such service; . . . and   (3) to prohibit

26  discrimination against persons because of their service in the uniformed services."

27  22.   38 U.S.C.A. §4311(a) states, "person who is a member of, applies to

28  be a member of, performs, has performed, applies to perform, or has an obligation

to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation..."

23. **Discrimination:** 38 U.S.C.A. §4311(b) provides: "An employer may not discriminate in employment against or take any adverse employment action against any person because such person (1) has taken an action to enforce a protection afforded any person under this chapter. . . or (4) has exercised a right provided for in [same]." "An employer violates USERRA if any employee's membership....service...or obligation for service in the uniformed services is a motivating factor in the employer's [adverse] action, unless the employer can prove that the action would have been taken in the absence of such membership....service...or obligation for service...." 38 U.S.C.A. §4311(c)(1).

24. **Denial of Benefits:** 38 U.S.C.A § 4311(c)(1)(a) provides that "A person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation"..... 38 U.S.C.A §4303(2) also provides: "The term 'benefit', 'benefit of employment', or 'rights and benefits' means any advantage, profit, privilege, gain, status, account, or interest (other than wages or salary for work performed) that accrues by reason of an employment contract or agreement or an employer policy, plan, or practice and includes rights and benefits under a pension plan, a health plan, an employee stock ownership plan, insurance coverage and awards, bonuses, severance pay, supplemental unemployment benefits, vacations, and the opportunity to select work hours or location of employment".

---

**COMPLAINT**

25. **Reemployment Positions:** 38 U.S.C.A § 4313(a) provides: "Subject to subsection (b) (in the case of any employee) and sections 4314 and 4315 (in the case of an employee of the Federal Government), a person entitled to reemployment under section 4312, upon completion of a period of service in the uniformed services, shall be promptly reemployed in a position of employment in accordance with the following order of priority: (1) Except as provided in paragraphs (3) and (4), in the case of a person whose period of service in the uniformed services was for less than 91 days--(A) in the position of employment in which the person would have been employed if the continuous employment of such person with the employer had not been interrupted by such service, the duties of which the person is qualified to perform; or (B) in the position of employment in which the person was employed on the date of the commencement of the service in the uniformed services, only if the person is not qualified to perform the duties of the position referred to in subparagraph (A) after reasonable efforts by the employer to qualify the person. (2) Except as provided in paragraphs (3) and (4), in the case of a person whose period of service in the uniformed services was for more than 90 days--(A) in the position of employment in which the person would have been employed if the continuous employment of such person with the employer had not been interrupted by such service, or a position of like seniority, status and pay, the duties of which the person is qualified to perform; or (B) in the position of employment in which the person was employed on the date of the commencement of the service in the uniformed services, or a position of like seniority, status and pay, the duties of which the person is qualified to perform, only if the person is not qualified to perform the duties of a position referred to in subparagraph (A) after reasonable efforts by the employer to qualify the person. (3) In the case of a person who has a disability incurred in, or aggravated during, such service, and who (after reasonable efforts by the employer to accommodate the

disability) is not qualified due to such disability to be employed in the position of employment in which the person would have been employed if the continuous employment of such person with the employer had not been interrupted by such service--(A) in any other position which is equivalent in seniority, status, and pay, the duties of which the person is qualified to perform or would become qualified to perform with reasonable efforts by the employer; or (B) if not employed under subparagraph (A), in a position which is the nearest approximation to a position referred to in subparagraph (A) in terms of seniority, status, and pay consistent with circumstances of such person's case.

26. **Seniority Rights and Benefits:** 38 U.S.C.A. § 4316 (a) states that "A person who is reemployed under this chapter is entitled to the seniority and other rights and benefits determined by seniority that the person had on the date of the commencement of service in the uniformed services plus the additional seniority and rights and benefits that such person would have attained if the person had remained continuously employed".

27. **Employee Pension Benefit Plans:** 38 U.S.C.A. §4318 ((2)(A) provides that "A person reemployed under this chapter shall be treated as not having incurred a break in service with the employer or employers maintaining the plan by reason of such person's period or periods of service in the uniformed services; (b)(1) An employer reemploying a person under this chapter shall, with respect to a period of service described in subsection (a)(2)(B), be liable to an employee pension benefit plan for funding any obligation of the plan to provide the benefits described in subsection (a)(2) and shall allocate the amount of any employer contribution for the person in the same manner and to the same extent the allocation occurs for other employees during the period of service".

28. There are no exhaustion requirements or administrative remedies required under USERRA 38 U.S.C. §4323 (a)(2)(A).

29. In addition, 20 CFR Part 1002, page 72546, requires that the provisions of USERRA are "to be liberally construed for the benefit of those who left private life to serve their country in its hour of great need." See also, 20 CFR 1002.7 ("USERRA establishes a floor, not a ceiling, for the employment and reemployment rights and benefits of those it protects. In other words, an employer may provide greater rights and benefits than USERRA requires, but no employer can refuse to provide any right or benefit guaranteed by USERRA.").

30. PLAINTIFF gave CITY proper notice of his military service.

31. PLAINTIFF was discriminated against, denied job opportunities, denied reemployment positions, denied seniority rights and benefits, denied pension benefits, denies step pay increases and denied benefits because of his service in the military.

32. CITY'S failure to provide benefits of employment, including all benefits PLAINTIFF would have been entitled to had he remained employed, violated the rights afforded PLAINTIFF under USERRA, 38 U.S.C. §§4301, *et. seq.*

33. CITY acted voluntarily, deliberately and willfully in its violation of USERRA.

34. CITY deprived PLAINTIFFS of his rights, privileges and immunities which were clearly established at the time CITY acted herein and the CITY knew or should have known that their conduct would violate these rights, privileges and immunities. CITY acted with the intent to deprive the PLAINTIFF his rights, privileges and immunities by purposely and intentionally failing to abide by USERRA.

35. As a legal result of the above-described conduct of CITY, PLAINTIFF suffered incidental, consequential, liquidated and/or special damages, and will sustain attorneys' fees and costs in an amount according to proof.

# VI.

## **PRAYER**

WHEREFORE, PLAINTIFF prays:

1.     For general, special, compensatory (including lost wages and lost employee benefits), exemplary, liquidated damages, as well as penalties according to proof;

2.     For costs of suit incurred herein;

3.     For attorneys' fees under 42 U.S.C. §1988, 38 U.S.C. §§4323 et seq. or as otherwise allowed by law;

4.     For an award of interest, including prejudgment interest, at the legal rate, as allowed by law; and

5.     For any and all other appropriate relief the Court deems necessary.

Dated: May 9, 2012                              Respectfully Submitted,

                                                LACKIE, DAMMEIER & MCGILL APC

                                    By:     _____
                                                Michael A. McGill, Esq.
                                                Carolina Veronica Cutler, Esq.
                                                Attorneys for Plaintiff,
                                                KYLE PENNINGTON

1                **DEMAND FOR TRIAL BY JURY**

2       PLAINTIFF hereby demands a jury trial under the Federal Rules of Civil

3 Procedure Rule 38.

4

5

6 Dated:  May 9, 2012                Respectfully Submitted,

7                        LACKIE, DAMMEIER & MCGILL APC

8                By:

9                        Michael A. McGill, Esq.

10                        Carolina Veronica Cutler, Esq.
                         Attorneys for Plaintiff,

11                        KYLE PENNINGTON

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28